UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE JOHNSON, | ) |
| Plaintiff(s), | ) |
| v. | ) Civil No. 22-11816-LTS |
| ZACHARY WHITE, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

October 26, 2022

SOROKIN, J.

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction. The summons is rescinded and the Plaintiff is prohibited from attempting to effectuate service of process on the Defendant. If process has already been served, the Defendant shall not be obligated to file a responsive pleading to this action.

I.    BACKGROUND

On October 24, 2022, Nicole Johnson ("Johnson"), a resident of Boston, Massachusetts, filed a *pro se* complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts to which she attached additional pages for her statement of claim. Doc. No. 1. Named as defendant is Johnson's neighbor. *Id.* at ¶ I. Johnson checked the box indicating "federal question" jurisdiction and did not list any specific statutes or constitutional provisions that are at issue in this case. *Id.* at ¶ II(A).

In the statement of claim, Johnson alleges that the "defendant began to harass, slander, & defame [Johnson to her] neighbors and the Boston Police Department." *Id.* at ¶ III. Johnson

further alleges that the "defendant repeatedly disrupted [plaintiff's] quiet enjoyment of [her] home [by playing excessive loud music]." *Id.* Johnson seeks "one million dollars for the slander and two million dollars for the punitive damages." *Id.* at ¶ IV (relief).

On October 26, 2022, Johnson paid the filing fee and the clerk issued a summons. *See* Docket Nos. 3, 4.

II. SCREENING OF THE COMPLAINT

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction "over two general types of cases: cases that 'aris[e] under' federal law" and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Industria Lechera De Puerto Rico, Inc. v. Beiró*, 989 F.3d 116, 120 (1st Cir. 2021) (citing *Home Depot U.S.A., Inc. v. Jackson*, ⸺ U.S. ⸺, 139 S. Ct. 1743, 1746, (2019)). For federal district courts, that means they may not exercise judicial power absent statutory authority to do so. *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746 (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States,* 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

III. DISCUSSION

As an initial matter, diversity jurisdiction does not exist under 28 U.S.C. §1332 because Johnson has not alleged that the parties reside in different states and that the amount in controversy exceeds $75,000. Here, the citizenship of the Plaintiff and the Defendant are not

diverse because they are alleged to be neighbors residing on the same street in Boston, Massachusetts.

Johnson seeks to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, which allows a district court to decide an action "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  However, the allegations in the complaint offer no basis for federal question jurisdiction.  Johnson has not identified a cause of action under federal law and her claims of slander, defamation and harassment arise under state law.  Although a *pro se* pleading is held to a less stringent standard than pleadings drafted by lawyers, s*ee Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), "a court ... will not 'conjure up unpled allegations' ... to state an actionable claim." *Restucci v. Clarke*, 669 F.Supp.2d 150, at 155 (D. Mass. 2009) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)).

Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate.  *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted). Given the nature of the identified jurisdictional deficiencies, amendment would be futile.  In light of the above, this action will be dismissed and the summons that was issued by the Clerk will be rescinded.

IV. CONCLUSION

Based on the foregoing, it is hereby Ordered:

1.  This action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

2.  The summons is rescinded and Plaintiff is prohibited from attempting to effectuate service of process on the Defendant.  If process has already been served, the Defendant

shall not be obligated to file a responsive pleading to this action. The Clerk shall mail a copy of this Order to the Defendant at the address listed in the complaint so that the Defendant is informed by the Court that he has no obligation to respond to the Complaint or Summons.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge